865 F.2d 1259
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael Sewell SMITH, Plaintiff-Appellant,
v.
Dr. EASON; Dr. Oppenheim; Virginia Beach Sheriff's
Department; Daniel Houston, Deputy Sheriff; Sandra Y.
Wiese, Nurse; Michael Butler, Nurse; Cindy Finn, Nurse;
Steve, (Last Name Unknown), Nurse, and unknown supervisors,
correctional officers; Unnamed Floor Sergeant, Defendants-Appellees.
 No. 88-7688.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 7, 1988.
Decided: Dec. 15, 1988.
Rehearing Denied Jan. 31, 1989.
 
 Michael Sewell Smith, appellant pro se.
 John William Eppler (Harlan, Knight, Dudley & Pincus); James Walter Hopper (Parvin, Wilson, Barnett & Hopper), for appellees.
 Before K.K. HALL, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Michael Sewell Smith appeals from the district court's order denying relief under 42 U.S.C. Sec. 1983. Our review of the record and the district court's opinion discloses that this appeal is without merit.
 
 
 2
 We note that in ruling on Smith's claim that his skin was burned because a prison guard did not allow him to shower off the Kwell lotion used to treat his scabies, the district court consulted three physicians and the 1987 Physician's Desk Reference in order to determine whether Kwell could cause these injuries if left on the skin for extended periods of time. While the district judge's motives were commendable, it was probably inappropriate for him to go outside the parties' pleadings at the summary judgment stage by consulting with these doctors. However, his use of the Physician's Desk Reference was an appropriate exercise of judicial notice under Fed.R.Evid. Sec. 201(b)(2). See Giordano v. Equitable Life Assurance Society of the United States, 13 Fed.Rules Evid.Serv. 374 (D.N.J.1983). Since the burning complained of by Smith is not found in the Physician's Desk Reference's exhaustive listing of possible side effects of Kwell, we believe the district court properly concluded that the alleged refusal to let Smith shower did not result in any harm to Smith and, hence, failed to state a claim under Sec. 1983.
 
 
 3
 Regarding Smith's other claims, we affirm on the reasoning of the district court. Smith v. Eason, C/A No. 85-867-N (E.D.Va. June 28, 1988). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.